[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14968
Non-Argument Calendar

_____

D. C. Docket No. 04-00346-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSIAH L. TRYON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 15, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Following a bench trial on stipulated facts, the district court, in a

comprehensive twenty-eight page order, record, vol. 3, tab 108, found appellant guilty of all eighteen counts of the indictment which charged appellant in Counts 1 and 2 with knowing possession of two computer discs containing multiple video clips of child pornography, in violation of the Child Pornography Prevention Act (the "Act"), 18 U.S.C. § 2254A(a)(5)(B) and (b), and in Counts 3-18 with knowingly receiving child pornography transported in interstate and foreign commerce by any means, including a computer, in violation of the Act, 18 U.S.C. § 2254A(a)(2)(A) and (b)(1). After the district court sentenced appellant to concurrent prison terms of 120 months on Counts 1 and 2 and 135 months on Counts 3-18, appellant lodged this appeal.

Appellant contends that the district court erred in denying his motion to suppress statements he gave to law enforcement during a search of his home. Appellant says that he was "in custody" at the time and that the agents interviewed him without first informing him of his Miranda rights. The court found to the contrary in denying his motion to suppress. After the court ruled, and before the case came on for trial, appellant stipulated that the interview took place in a non-custodial setting. This stipulation renders meritless appellant's first contention.

Appellant's second point is that the Act constitutes an unconstitutional exercise by Congress of its Commerce Clause authority. His point is foreclosed by

2

binding precedent.  <u>Gonzalez v. Raich</u>, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005); <u>United States v. Maxwell</u>, 446 F.3d 1210 (11th Cir. 2006), <u>cert. denied</u>, 127 S.Ct. 705 (2006).

AFFIRMED.